### THE STATE vs. JOHN McDOWELL.

*Count stricken out of indictment as not sufficiently specific—Evidence.*

(*September 23, 1897.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*R. C. White*, Attorney-General, for the State.

*Herbert H. Ward* for the Defendant.

Court of General Sessions, New Castle County, September Term, 1897.

The defendant in the above stated case was indicted for being concerned in interest in lottery policy writing. The indictment contained four counts, the first of which was as follows :

"That John McDowell late of Wilmington Hundred, in the County aforesaid, on the thirtieth day of November in the year of our Lord one thousand eight hundred and ninety-six with force and arms at Wilmington Hundred, in the County aforesaid, unlawfully was concerned in interest in lottery policy writing ; against the form of an act of the General Assembly in such case made and provided and against the peace and dignity of the State. "

*Mr. Ward* moved the Court that the above count be stricken out as not being sufficiently specific to inform the accused of the nature and character of the offense charged ; contending that it followed the language of the statute under which the indictment was found (*Rev. Code p. 969*), but did not enumerate the elements constituting the misdemeanor charged. That it did not aver any substantive offense, but embodied only a description of the offense.

*Mr. White* contended that the indictment was in the usual form ; that the count sufficiently informed the accused of the nature of the accusation, in that it set out the business of lottery policy writing, and that it was analogous to following any business without a license where license was required.

LORE, C. J:—This is an offense which embraces a number of elements. In the first count there are no elements of the offense set out, such as are required to be specified in order to advise the defendant specifically of what he is to meet. It has been decided in this Court again and again that where the crime embraces a number of elements, those elements must be specified.

We therefore order that the first count be stricken out.

At the trial, it having been testified by some of the witnesses for the defence, that on the morning of November 30, 1896, the defendant was seen by them at a different place from that where the alleged offense was committed, and that on that day a raid was made on several polcy writers' places by the police,

*Mr. Ward* asked the witness John F. Dolan the following question:

"Upon the thirtieth day of November, 1896—the day it has been testified that a raid was made on 1110 French Street—were there not other policy writers' places raided by the police? "

*Mr. White* objected to the question as irrelevant.

*Mr. Ward*:—I offer this testimony to identify the day for which I have proved an *alibi* for the defendant.

LORE, C. J:—A majority of the Court (consisting of Grubb and Pennewill, J. J.,) think it is admissible.

GRUBB, J:—It is admitted on the ground that it is relevant to the establishment of the defense of *alibi*.